IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                               Case No. 12-10140-04-JTM

CESAR HERNANDEZ,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Cesar Hernandez's motion to suppress, which argues that any statements he made while in police custody were in violation of his *Miranda* rights. He contends in his motion that he speaks Spanish, with only limited ability to understand and speak English, and so his statements to law enforcement officers after his arrest were involuntary, notwithstanding the delivery of *Miranda* warnings. On December 10, 2012, the court conducted a hearing on the motion. For the reasons stated at the conclusion of the hearing, and as stated herein, the motion to suppress is denied.

Any waiver of *Miranda* rights must be knowing, voluntary, and intelligent. *Harvey v. Shillinger*, 76 F.3d 1528, 1536 (10th Cir. 1996). When a defendant alleges that his statements were coerced in violation of *Miranda*, the burden of proof rests with the

government to prove the validity of the waiver by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986). The government must show that the waiver was "voluntary in the sense that it was a product of a free and deliberate choice rather than intimidation, coercion, or deception," and made "with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Hernandez*, 913 F.2d 1506, 1509 (quoting *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986)).

As noted earlier, Hernandez's motion to suppress asserts that he was not properly given his *Miranda* warnings in a language he understands, and so did not validly waive his rights. The motion is almost completely free of factual averments, other than stating that he "speaks Spanish and little English." (Dkt. 116, at 1). The existence of language problems may indeed prevent the existence of a valid *Miranda* waiver. *United States v. Alarcon*, 95 F3d.Appx. 954, 956 (10th Cir. 2004) ("Warnings given in a language which the defendant cannot comprehend do not convey the substance of the suspect's rights").

The evidence produced at the hearing establishes that the defendant was arrested as a consequence of a long term surveillance operation by the Drug Enforcement Agency. The DEA's investigation focused on other persons, began to include Cesar Hernandez as they observed him in association with the persons under surveillance. Ultimately, the DEA obtained and executed a search warrant for various places around Wichita, including the defendant's home, on May 27, 2012.

2

Cesar Hernandez arrived at the house at around 8:40 p.m., while the search was under way. He was arrested, and taken to DEA offices at 9:04 p.m. Upon arriving at the parking lot, the transporting officer was told that the DEA offices were full, and the defendant was taken to the Wichita Police Department around 9:30 p.m.

At around 11:45 p.m., the defendant was given his *Miranda* rights in Spanish by a Spanish-speaking officer with the Wichita Police Department, Jorge Avendano. The defendant agreed to speak with Officer Avendano and DEA Special Agent Zachariah Cherrington, and signed a written waiver of his rights. During the interview, Officer Avendano translated Cherrington's questions into Spanish for the defendant, and the defendant's answers into English for Cherrington. The interview was not electronically recorded, but was memorialized in a DEA- 6 report of SA Cherrington and a separate report by Avendano. The interview itself lasted approximately one hour, during which the defendant, pursuant to police policy, remained in handcuffs.

In assessing the waiver of *Miranda* rights, the court looks to the totality of the circumstances, including age, education, intelligence, the length of the detention, whether warnings were given, the location of the questioning, and the defendant's physical and mental characteristics. *United States v. Hernandez*, 913 F. 2d 1058 (10th Cir. 1990). Based upon all of the evidence in the case, the court finds that the defendant's statements were voluntary.

Although the *Miranda* rights form was in English, Avendano carefully read each of the warnings in English and in Spanish, and had the defendant initial each warning to

indicate that he understood it. The defendant then signed the form to indicate that he waived his rights and wished to speak. The defendant was asked about the substance of the charges only after Agent Cherrington later arrived in the interrogation room. Avendano repeated his oral translation of the form from the witness stand, and a simultaneous re-translation by the certified translator appointed for the defendant showed no material loss in meaning from the English.

Changing gears after the submission of the evidence, the defendant now argues that his statement should be suppressed because, prior to the actual *Miranda* warnings, he told Avendano about his California "grocery" deliveries. He contends that this statement was involuntary because it was delivered at Avendano's urging and preceded the *Miranda* warnings, and further that his statements after the warnings were correspondingly tainted.

However, the evidence showed that Avendano did not solicit incriminating statements from the defendant. He told the defendant only that he was there as a translator, and that he was going to complete a personal history sheet. Such routine booking questions are generally not interrogation, "because they do not normally elicit incriminating responses." *United States v. Parra*, 2 F.3d 1058, 1067 (10th Cir. 1993).

> As we were working on the personal history sheet he said that the reason he was there was because he delivered some packages, as he called it errands, said that they were groceries and he thought it was easy to do and it was easy money.

The defendant asked if Avendano could help him. Avendano testified that "I told him that I am not capable of doing that," and that his cooperation might be helpful, but warned "I

4

could not make any promises of anything." Avendano testified credibly that he made no promises to the defendant. The defendant's statement regarding the "grocery" deliveries was voluntary. Further, with respect to the defendant's statements to Cherrington, any "taint" was cured by Avendano's prompt and careful discussion of the defendant's *Miranda* rights. The court accordingly denies the motion to suppress, finding that the cases cited by the defendant in his supplemental brief are distinguishable.

In *Missouri v. Seibert*, 542 U.S. 600, 609 (2004), the Court addressed a specific and deliberate police department "technique of interrogating in successive, unwarned and warned phases." In *Clanton v. Cooper*, 129 F.3d 1147, 1159 (10th Cir. 1997), the court found that "a promise of leniency may render a confession involuntary if it was sufficiently compelling and linked to the confession so that it could be said that the defendant's will was overcome by the offer." And in *United States v. Rambo*, 365 F.3d 906, 908-09 (10th Cir. 2004), the court held that an officer's comments would have been interpreted as interrogation by a reasonable person, where the officer first stated, "Not one hundred percent of [the guilt] is falling down on your shoulders. But a lot of it's gonna be. You know where the responsibility lies." On four separate occasions, the officer then attempted to steer the defendant into discussing the substance of the charges, *even after the defendant explicitly invoked his right to silence*. *Id*. at 910.

In the present case, there was no promise of leniency, and no deliberate technique seeking to obtain incriminating statements prior to *Miranda* warnings. The defendant never invoked his right to silence, and nothing in Avendano's comments would have been

interpreted by a reasonable person in the defendant's position as an attempt to obtain incriminating information.

Avendano spoke with the defendant purely for the purpose of completing the Personal History Sheet, which addressed the defendant's background only, and to deliver *Miranda* warnings in Spanish. The interrogation itself was separately conducted by Agent Cherrington after *Miranda* warnings had been issued. In his preliminary meeting with the defendant, Avendano did not ask about the charges or otherwise initiate a conversation about the reasons for the arrest, and he explicitly warned him that he would not promise him anything.

Officer Avendano did nothing which was intended to elicit an incriminating response. The defendant was apprised of his rights in a language he understands, and the court finds that the defendant's statements subsequent to his arrest were voluntary in light of all the circumstances of the case. Accordingly, the court finds that the defendant's statements were voluntary and should not be suppressed.

IT IS ACCORDINGLY ORDERED this 20th day of December, 2012, that the defendant's Motion to Suppress (Dkt. 116) is hereby denied.

                                              s/ J. Thomas Marten
                                             J. THOMAS MARTEN, JUDGE